UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINA LYNN BRAND, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) )   No. 4:20-cv-01758-SRC |
| WENTZVILLE POLICE DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) |

**Memorandum and Order**

This matter comes before the Court on the motion of Plaintiff Regina Lynn Brand for leave to commence this civil action without prepayment of the required filing fee. Doc. 2. The Court grants Plaintiff's motion. *See id.*; 28 U.S.C. § 1915(a)(1). Additionally, the Court dismisses the complaint without prejudice and grants leave to amend the complaint. The Court appoints counsel for Plaintiff, for the limited purpose of assisting her in drafting her amended complaint.

**I.      Legal standard on initial review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**II.     The complaint**

Plaintiff is a self-represented litigant who brings this civil action against the Wentzville Police Department, Chief Kurt Frisz, Detective Sean Rosner, Sergeant David Schoolcraft, and Detective Craig Schulte. She asserts that this Court has federal question jurisdiction pursuant to five separate bases: (1) 18 U.S.C. § 242;[1] (2) RSMo § 213.010;[2] (3) "gender bias in [a] sexual

---

[1] 18 U.S.C. § 242 is a criminal statute titled: "Deprivation of rights under color of law."
[2] RSMo § 213.010 is a Missouri statute providing the definitions for Chapter 213, Human Rights.

2

assault investigation – civil rights violation"; (4) "equal protection of the law"; and (5) RSMo § 575.080.[3]  Doc. 1 at 4.

Plaintiff's claims arise from a sexual-assault investigation undertaken by members of the Wentzville Police Department. Doc. 1 at 6.  Plaintiff alleges that the sexual assault occurred on August 18, 2015, in Wentzville, Missouri. *Id.*

According to Plaintiff, Chief Frisz "failed to properly train his staff to prevent gender and racial bias," or have them participate in "victim center[ed] and trauma informed training for victims of sexual offenses." *Id.*  Plaintiff suggests that proper training would have allowed Chief Frisz's staff "to properly investigate [her] complaint." *Id.*

With regard to Detective Rosner, Plaintiff presents several allegations. First, she states that Detective Rosner "secretly audio taped [her] S.A.N.E. exam[4] at the hospital." *Id.*  Second, Plaintiff asserts that Detective Rosner "failed to properly investigate." *Id.*  Third, she alleges that Detective Rosner "stereotyped [her] and used stereotypical comments during questioning." *Id.*  Fourth, Plaintiff contends that Detective Rosner "abused his power by [threatening] and intimidating [her] with prosecution if [she] did not drop the restraining order against [her] attacker." *Id.*  Finally, Plaintiff claims that Detective Rosner "intentionally falsified documents that empowered [her] attacker to assault [her] on" a later date, November 12, 2015. *Id.*  She states that this makes Detective Rosner "an accessory before the fact." *Id.*

As to Sergeant Schoolcraft and Detective Schulte, Plaintiff states that they both demonstrated "implicit bias towards [her] and [her] situation," which caused them to "botch the investigation." *Id.*  In particular, she alleges that they did not forward her case to the prosecutor,

---

[3] RSMo § 575.080 is a Missouri criminal statute providing the elements and penalty for false reports.
[4] S.A.N.E. refers to Sexual Assault Nurse Examiner. *See, e.g., Hernandez v. Schuetzle*, 2009 WL 395781, at *26 (D. N.D. 2009).

3

resulting in a second attack that left her "[permanently] disabled and unable to work, and allowed [her] attacker to falsely claim [she] was lying about the attack." *Id.*

Plaintiff asserts that she has suffered "ongoing mental and physical trauma, [anxiety] and depression." *Id.* She is seeking $1.24 million in total damages. *Id.* at 5.

## III. Discussion

Because Plaintiff is proceeding in forma pauperis, the Court has reviewed her complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court dismisses the complaint without prejudice and grants leave to amend.

### A. Jurisdiction

As noted above, Plaintiff has asserted that this Court has federal question jurisdiction pursuant to five separate bases: (1) 18 U.S.C. § 242; (2) RSMo § 213.010; (3) "gender bias in [a] sexual-assault investigation – civil rights violation"; (4) "equal protection of the law"; and (5) RSMo § 575.080. Doc. 1 at 4. None of these proposed bases confers jurisdiction.

Federal criminal statutes do not provide a private right of action, so Plaintiff cannot state a claim under 18 U.S.C. § 242. *See Brown v. Express Scripts*, 2018 WL 1295482, at *2 (E.D. Mo. 2018) (dismissing plaintiff's claim brought under 18 U.S.C. § 242 because plaintiff had no private right of action). Meanwhile, the two Missouri statutes are state laws, and so do not present a federal question. Similarly, Plaintiff's statement regarding gender bias in a sexual-assault investigation does not indicate a particular federal statute, federal treaty, or constitutional provision. Doc. 1 at 4. Plaintiff's mention of "equal protection of the law" refers to a constitutional provision; however, Plaintiff does not allege that she received different treatment than similarly-situated persons. *Id.*; *see also In re Kemp*, 894 F.3d 900, 909 (8th Cir. 2018) (stating that the first step in an equal

4

protection case is determining whether the plaintiff has demonstrated that he or she was treated differently than others who were similarly situated).

None of Plaintiff's expressly-stated jurisdictional bases are sufficient to support federal question jurisdiction. However, a claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015). Though Plaintiff does not specifically cite § 1983, she refers to the deprivation of her rights under color of law, and also to her civil rights being violated. Doc. 1 at 4. Therefore, the Court will construe this action as arising under 42 U.S.C. § 1983.

### B.   Statute of Limitations

From the face of her complaint, it appears that Plaintiff's case may be time-barred by the applicable statute of limitations. There is no statute of limitations contained within 42 U.S.C. § 1983; however, "§ 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). For cases arising in Missouri, the five-year statute of limitations for personal injury actions found in RSMo § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

In Missouri, the statute of limitations for personal injury actions begins when the damage is capable of becoming known, not when the injury is actually discovered. *See Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 580 (Mo. 2006); and *Chem. Workers Basic Union, Local No. 1744 v. Arnold Sav. Bank*, 411 S.W.2d 159, 163-64 (Mo. 1966). Here, Plaintiff states that she

was sexually assaulted on August 18, 2015. Doc. 1 at 6. She mentions a "second [attack]" on November 12, 2015. *Id.* She alleges that the flawed investigation took place sometime between those two dates. *Id.* Plaintiff's damages from the investigation would then be capable of being known on November 12, 2015, when the actions of the defendants purportedly allowed a second assault. *Id.*

Five years from November 12, 2015 is November 16, 2020. Plaintiff did not file this action until December 8, 2020, twenty-two days after the statute of limitations expired. As pleaded, Plaintiff's case appears time-barred. The Court will grant leave to Plaintiff to amend her complaint; the Court will appoint counsel for the limited purpose of assisting Plaintiff in drafting her amended complaint. The Court dismisses Plaintiff's complaint without prejudice and grants leave to file an amended complaint no later than June 21, 2021.

> **C.     Plaintiff's claims under § 1983**

Plaintiff's § 1983 claims are also not sufficiently developed in her complaint. Should Plaintiff amend her complaint so as to fall within the five-year statute of limitations, she must also address the following pleading issues with her § 1983 claims.

>> **1.     Wentzville Police Department**

Plaintiff named the Wentzville Police Department as a defendant in this action. However, the Wentzville Police Department is a department of local government, and not a distinctly suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza*

6

*v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Meanwhile, a local governing body such as the City of Wentzville can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which Plaintiff can prove the liability of the City of Wentzville.

First, Plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the

7

inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, Plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, Plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, Plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Here, Plaintiff did not provide facts supporting the proposition that the City of Wentzville has an unconstitutional policy or custom, or that it has been deliberately indifferent in failing to train or supervise its employees.

With regard to policy, Plaintiff has not shown that she was injured due to any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the" City of Wentzville's governing body. That is, the facts in her complaint did not sufficiently develop the issue of whether her constitutional rights were violated by "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Though the individual defendants are city employees, the city cannot be held liable on a respondeat superior theory.

As to custom, Plaintiff did not establish the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct," much less that City of Wentzville officials were deliberately indifferent to or tacitly authorized such misconduct. Plaintiff's facts largely focus on what happened to herself rather than alleging a persistent pattern of unconstitutional misconduct.

Finally, regarding a failure to train or supervise, Plaintiff did not demonstrate the manner in which the City of Wentzville's training or supervision was inadequate. Additionally, to allege a failure to train or supervise, Plaintiff must also plead that the city had notice of such inadequacy by showing a "pattern of similar constitutional violations by untrained employees."

For these reasons, Plaintiff failed to state a municipal liability claim against the City of Wentzville in her complaint. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Plaintiff must further develop this issue in her amended complaint to state a claim for municipal liability.

### 2.     Official-capacity claims

Plaintiff did not indicate whether she sued Chief Frisz, Sergeant Schoolcraft, Detective Schulte, and Detective Rosner in their official or personal capacities. As noted above, the Court construes this action as arising under 42 U.S.C. § 1983. In a § 1983 case, a plaintiff can sue a person in an official capacity, an individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id*. *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims"). Because Plaintiff's complaint is silent as to capacity, the defendants are assumed to be sued in their official capacities only.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, Chief Frisz, Sergeant Schoolcraft, Detective Schulte, and Detective Rosner are all alleged to be employed by the Wentzville Police Department. As such, the official capacity claims against them are actually claims against the City of Wentzville itself, their employer. To succeed on such a claim, Plaintiff must establish the City of Wentzville's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. However, as discussed above, Plaintiff must present facts supporting the proposition that her rights were violated due to an unconstitutional policy, custom, or failure to train to state a claim for municipal liability.

### 3. Individual-capacity claims

Plaintiff may choose to bring claims against Chief Frisz, Sergeant Schoolcraft, Detective Schulte, and Detective Rosner in their individual capacity. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility

11

for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

### a. Chief Frisz

Plaintiff accuses Chief Frisz of failing to properly train his staff to prevent gender and racial bias. Further, she states that Chief Frisz failed to have his staff undergo victim-centered and trauma-informed training for sexual-assault victims.

A supervising official such as Chief Frisz "can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). *See also Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020) ("To state a claim against a supervisor, a plaintiff must show that the supervising official, through his own individual actions, violated the Constitution"). Plaintiff did not allege that Chief Frisz took any direct action against her, but only that he failed to train his staff.

To succeed on a failure to train claim, "[t]he plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts," which "requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). Further, to maintain an action for training or supervisory liability, the plaintiff must show

12

that the failure to train or supervise caused the injury. *Moore v. City of Desloge, Mo.*, 647 F.3d 841, 849 (8th Cir. 2011).

Here, Plaintiff concluded that Chief Frisz is liable for failing to train his staff, but the complaint does not present supporting factual allegations. To state a claim for individual liability against Chief Frisz, Plaintiff must show how his training procedures were inadequate, or how those inadequacies led to her being injured. Also, the complaint must allege some facts showing that Chief Frisz had notice that his training procedures were inadequate.

### b. Sergeant Schoolcraft and Detective Schulte

Plaintiff asserts that Sergeant Schoolcraft and Detective Schulte "demonstrated implicit bias," causing them to "botch the investigation." She further alleges that they failed to forward her case to the prosecutor, resulting in a second attack.

As noted above, 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga*, 442 F.3d at 1132. In other words, Plaintiff must establish a causal connection between a defendant's actions and the alleged deprivation of her rights. Plaintiff's claims against Sergeant Schoolcraft and Detective Schulte regarding implicit bias are conclusory, as they do not present any supporting facts. Likewise, the allegation that Sergeant Schoolcraft and Detective Schulte "botched the investigation" is also a conclusion. Plaintiff must provide supporting facts to demonstrate what these defendants did, and show that their actions or inactions amounted to a violation of her constitutional rights. As to Plaintiff's claim that Sergeant Schoolcraft and Detective Schulte did not forward her case to the prosecutor, she must provide additional facts showing that this failure was wrongful and that it violated the constitution in some way.

### c. Detective Rosner

13

Plaintiff first states that Detective Rosner "secretly audio taped [her] S.A.N.E. exam at the hospital." Second, she asserts that Detective Rosner "failed to properly investigate." Third, she alleges that Detective Rosner "stereotyped [her] and used stereotypical comments during questioning." Fourth, Plaintiff contends that Detective Rosner "abused his power by [threatening] and intimidating [her] with prosecution if [she] did not drop the restraining order against [her] attacker." Finally, Plaintiff claims that Detective Rosner "intentionally falsified documents that empowered [her] attacker to assault [her] on" November 12, 2015.

As noted above, in order to state a claim, Plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See Ashcroft*, 556 U.S. at 679. The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019). "While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). In other words, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Here, Plaintiff's assertion that Detective Rosner secretly taped her S.A.N.E. examination does not, without more, articulate a constitutional violation. Meanwhile, her contention that Detective Rosner "failed to properly investigate" is conclusory; Plaintiff must support the claim with facts sufficient to show that what Rosner' actions constituted an investigatory failure in violation of her constitutional rights. Similarly, Plaintiff's allegation that Detective Rosner "stereotyped [her] and used stereotypical comments during questioning" also lacks supporting

14

facts. Plaintiff must describe the nature of this stereotyping and how it amounted to a violation of one of her constitutional rights.

Regarding Plaintiff's claim that Detective Rosner "abused his power by [threatening] and intimidating [her] with prosecution if [she] did not drop the restraining order against [her] attacker," Plaintiff must provide additional factual support. Her complaint did not indicate how Detective Rosner threatened or intimidated her, or how Detective Rosner's threats or intimidation violated the constitution. Likewise, Plaintiff's claim that Detective Rosner "intentionally falsified documents that empowered [her] attacker to assault [her]" requires additional factual enhancement. Plaintiff must present facts demonstrating what documents were falsified, how that led to an attack, or how the falsification specifically amounted to a constitutional violation.

### IV.    Conclusion

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis, Doc. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915. The Court grants plaintiff leave to file an amended complaint no later than June 21, 2021. The Court also appoints counsel for the limited purpose of assisting plaintiff with drafting her amended complaint. Appointed counsel must contact Plaintiff within five (5) business days of appointment.

Dated this 18th day of May, 2021.

                                                              STEPHEN R. CLARK
                                                              UNITED STATES DISTRICT JUDGE